## CHAPIN *v.* THE SULLIVAN RAILROAD.

Railroads are bound to construct and maintain sufficient cattle-guards at all farm crossings of their track, and are responsible for all damages resulting from their neglect of duty in this respect to cattle rightfully upon the crossing.

Railroads are not obliged to maintain either fences or cattle-guards against cattle wrongfully upon the public highway; and are not responsible for injuries to cattle wrongfully on the highway, and from thence escaping upon their tracks.

Stone excavated in constructing a branch railroad through a man's land, under a permissive license from him to construct and use the track thereon, and hold the same so long as it is shall be used for railroad purposes, remains the property of the land-owner, and, if not used in the

construction of the branch track, cannot be removed and devoted to other purposes without his permission.

*It seems,* that where land is taken for a railroad by the appraisal of the commissioners and selectmen, the corporation are entitled to employ the whole or any portion of the earth, stone and gravel excavated on one portion of the line, in the proper construction of any other portion thereof.

TRESPASS. The action was referred to a trial commissioner, who, at the October term, 1859, made the following report:

"At the time of the alleged injuries, the defendants' railroad was located through the plaintiff's farm in Walpole; the barns, and most of the other buildings, together with the tillage land, being on the westerly side of the railroad, and the plaintiff's pastures being mostly on the easterly side of the railroad. The railroad track was near the plaintiff's buildings, and there was frequent occasion for him to pass over the same with his sheep and cattle. The defendants constructed a crossing at a convenient place near the buildings, and this was in use by the plaintiff, and without objection as to the place of its location. There were no cattle-guards or other means of preventing animals from passing up and down the track at the crossing.

In the month of December, 1850, the plaintiff attempted to drive his sheep over this crossing. There was new fallen snow, which at the time had been removed from the track, and the sheep suddenly passed northwardly up the track, and before they could be got from the track they were struck by the defendants' engine, passing at the usual hour and speed, and managed with ordinary diligence. The sheep were damaged by this collision to the amount of twenty-five dollars. The injury to the sheep was caused by the want of cattle-guards, and not by any fault of the plaintiff. No agreement had ever been made between the parties as to the place of crossing or cattle-

guards, nor had the plaintiff requested the defendants to construct cattle-guards.

On the first day of September, 1852, the plaintiff was the owner of an ox which was running at large in the highway. The ox got upon the railroad track of the defendants at a place where the highway and the track are conterminous, and where no fence could rightfully be maintained by the defendants, and passed a short distance on the track, when he was struck by the defendants' engine and killed. The loss thereby sustained by the plaintiff was forty dollars, but it was not caused by any negligence on the part of the defendants or their agents.

The injury to the sheep and the ox happened upon the original track of the defendants' railroad.

In 1851, a new branch of said railroad was constructed through the plaintiff's land, westerly of his buildings, to connect with the Vermont Valley road. Under an agreement between the parties, the defendants were rightfully in possession of the branch, with a right, on complying with certain conditions, which had been fulfilled up to the time of the injury complained of, to construct and use the track, and to hold the same as long as it should be used for railroad purposes. Before building the branch it was not known that rock would be encountered on the line, and an amount of rock greater than that afterwards excavated on the line, was purchased and used on the stone work on the branch road. Soon after this it was found necessary, in grading the road, to excavate, and the defendants did excavate between four and five hundred yards of rock. About fifty yards of this was, for convenience, and without objection on the part of the plaintiff, put upon the close of the plaintiff, near to but outside of the land taken for railroad purposes. The remainder was laid beside the track, within the limits of the land so taken; and subsequently, and before the commencement of the suit, the defendants removed all said rock or stone, and used the

same on the original track of said railroad, in making repairs and for other similar purposes for the benefit of the road. No unnecessary damage was done in the removal of the stone; but the defendants entered the plaintiff's close described, in removing the said fifty yards. The plaintiff forbid the removal or use of the stone, and claimed the same as his property, and forbid the defendants entering into his close for such purpose. The value of the stone taken from the plaintiff's close as aforesaid was eight dollars, and that within the line of the railroad was sixty-five dollars."

*Stoughton & Grant*, for the plaintiff.

1. The defendants are clearly liable for the injury to the sheep. *White* v. *Concord Railroad*, 30 N. H. 188; *Horne* v. *Atlantic and St. Lawrence Railroad*, 35 N. H. 160; *Smith* v. *Eastern Railroad*, 35 N. H. 357; *Ellis* v. *Railroad Company*, 2 Ire. 138; *Suydam* v. *Moore*, 8 Barb. 358. The case of *Horne* v. *Atlantic and St. Lawrence Railroad*, 36 N. H. 440, is not in point, and is not an authority applicable to this case.

2. In regard to the ox, the facts are sufficiently stated in the report. We have no comments to make upon the point.

3. In regard to the stone, the fee of the land was in the plaintiff, and the defendants had no right to the rock excavated, except for the purpose of the branch road. The freehold, rock, trees and profits belong to the owner of the soil, and when the defendants took the stone away they became trespassers. *Goodtitle* v. *Alker*, 1 Burr. 143; *Makepeace* v. *Norden*, 1 N. H. 16; *Perley* v. *Chandler*, 6 Mass. 454. The grantee of a way is restricted to the specific use set forth in his grant. *French* v. *Marstin*, 24 N. H. 440. The doctrine we contend for does not prevent a railroad company from using dirt or material excavated any where along the line of the road. This was a

branch constructed after the main road was completed, and when they carried the rock off from this branch and put it to other uses, they appropriated it to the uses other than those contemplated in their agreement, and in the amendment of their charter. Suppose valuable mines had been discovered in the excavation, would the defendants have had a right to convert them to any use other than the building of their road? Certainly not. The same principle must govern in this case. The stone was of value to the plaintiff.

4. The defendants are liable for nominal damages for breaking and entering the plaintiff's close.

*E. L. Cushing*, for the defendants.

1. The defendants are not liable for damages by reason of any want of sufficient railroad crossings, cattle-guards, &c. *Horne* v. *Atlantic and St. Lawrence Railroad*, 36 N. H. 440.

2. The defendants are not liable for damages by reason of want of fence by the highway. *Woolson* v. *Northern Railroad*, 19 N. H. 267; *Towns* v. *Cheshire Railroad*, 21 N. H. 363.

3. As to the rights of the corporation and the plaintiff in regard to the stone taken out in excavating for the track, we take these positions: The railroad, by acquiring the right of way, acquires the right to use all the materials taken out in excavating, for the purpose of building and repairing the road. The branch, as it is called, is a part of the whole road, and materials taken from it may be carried from it to the part originally built. The railroad corporation having a right to use all such materials in repairing and excavating their road, the land-owner has no possession or right of possession on which to found an action of trespass.

FOWLER, J. By the fifth section of chapter 593 of the laws of 1850, (Comp. Laws 350,) it is made the duty of

every railroad corporation in this State to make and maintain all necessary cattle-guards, cattle-passes and farm-crossings, for the convenience and safety of the land-owners along the line of their road.

The report of the commissioner finds distinctly that the injury to the plaintiff's sheep was caused by the want of cattle-guards at the farm crossing prepared by the defendants for the use of the plaintiff with the plaintiff's assent to its location, and not through any fault of the plaintiff. The defendants were bound to construct and maintain, at the crossing thus prepared by them, the guards necessary to prevent the plaintiff's sheep, when driven over it, from passing on to their track. In consequence of their neglect to do so, the plaintiff was damnified to the amount of twenty-five dollars by the destruction of his sheep, and for this damage he is clearly entitled to recover. *White* v. *Concord Railroad*, 30 N. H. 188; *Chapin* v. *Sullivan Railroad*, (*ante*, page 53).

Our conclusion upon this point in no way conflicts with the decision in *Horne* v. *Atlantic and St. Lawrence Railroad*, 36 N. H. 444, cited by the defendants. It was there held that a land-owner had no right of action against a railroad for damages resulting from the want of farm-crossings and cattle-passes, unless the railroad had agreed to provide them, or the land-owner had applied to justices under the statute to have them located and constructed. In the case before us it is fairly to be inferred that the parties had agreed upon the number and place of the crossings, and the railroad company had undertaken to construct them, but had constructed the one near which the injury to the plaintiff's sheep happened, so improperly that the injury occurred in consequence of the deficiency. The defendants, then, had performed an admitted and recognized duty they owed the plaintiff, so imperfectly and negligently, that in consequence of their misconduct the plaintiff suffered the injury of which he complains. Nothing

seems plainer than that for an injury thus resulting directly and immediately from the palpable fault of the defendants, the plaintiff ought to recover full compensation.

The plaintiff's ox was wrongfully running at large in the highway. Against an animal thus wrongfully upon the highway, the defendants were bound to maintain neither fences or cattle-guards. When it escaped from the highway upon the defendants' track, it was wrongfully there, and having been killed by the defendants' engine, without negligence on the part of themselves, their agents and servants, the defendants are not responsible for the loss. *Woolson* v. *Northern Railroad*, 19 N. H. 267; *Chapin* v. *Sullivan Railroad*, (*ante*, page 53.)

The defendants entered upon the plaintiff's land under an arrangement whereby they had a right to construct and use the track for their branch road thereon, and hold the same as long as it should be used for railroad purposes. This arrangement, as stated by the commissioner, we think amounted only to a permissive license, and gave the defendants no right to the soil or the stone contained therein for any other purpose than the construction and use of their track. They might, undoubtedly, have used the stone excavated on the plaintiff's land in grading this branch track, for the construction of the necessary culverts and bridges therein; but the material for those purposes having been procured elsewhere, a mere license to construct and use the track and hold the land, could give the defendants no right to appropriate this stone to a similar use elsewhere. Upon the report of the commissioner, it must be held that the stone excavated from the plaintiff's land, in grading the branch track, so far as not actually used in the construction of that track, belonged to the plaintiff, and could not be removed by the defendants without his permission.

The natural and respective rights and duties of railroad corporations and land-owners, in respect to land appropri-

ated by authority of law to railroad purposes, were discussed and considered in *Blake* v. *Rich*, 34 N. H. 282, where, upon a full examination of the statute and authorities, it was held that the exclusive right of property in the land, in the trees and herbage upon its surface, and the minerals beneath it, remains unchanged, notwithstanding the location of a railroad thereon, subject always to the right of the corporation to construct and operate a railroad over and through it, as authorized by law. There is perhaps nothing in the report of the commissioner demanding any expression of our opinion as to what might or might not have been the rights and liabilities of the parties in the present case, in respect to stone, earth and gravel excavated in grading the branch track across the plaintiff's land, had that track been a portion of the road, as originally laid out, and had the land for the construction of the entire line been taken and appropriated to railroad purposes by the appraisal of the railroad commissioners and the selectmen of the town, under the provisions of the statute. It may not, however, be improper to state our decided impression, that, in such case, the railroad might and would have been entitled to employ the whole or any portion of the earth, stone and gravel, excavated on one portion of the line, in the proper construction of any other portion thereof.

As, upon the findings of the commissioner, the plaintiff remained the owner of the land, and whatever stone and other materials excavated therefrom were not used and appropriated by the defendants in pursuance of their license, he is entitled to recover the value of all the stone taken by the defendants and removed to their original track, whether the same had been deposited at the time of excavation within or without the limits of the branch road as located.

The plaintiff is then entitled to judgment upon the commissioner's report for the sum of ninety-eight dollars,

being the amount of damage to his sheep, and the value of the stone removed, as fixed by the commissioner, with interest from the date of the writ.

*Judgment for the plaintiff.*